**Abe ZISKIS, Plaintiff–Appellant,**

v.

**Fife SYMINGTON, Governor; Richard Mahoney, Secretary of State; Grant Woods, Attorney General, Defendants– Appellees.**

No. 94–15209.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 1994.*

Decided Feb. 17, 1995.

Abe Ziskis, pro se.

Anthony B. Ching, Asst. Atty. Gen., Phoenix, AZ, for defendants-appellees.

Before: TANG, SCHROEDER and REINHARDT, Circuit Judges.

TANG, Senior Circuit Judge:

Appellant Abe Ziskis, acting *pro se*, alleges that Arizona's closed party primary election system violates the First and Fourteenth Amendments to the United States Constitu-

---

\* The panel unanimously agrees that this case is appropriate for submission without oral argu-

ment. Fed.R.App.P. 34(a); 9th Cir. R. 34–4.

tion.[1] Ziskis registered as an independent voter in Maricopa County, Arizona on June 24th, 1992. As an independent voter, Ziskis could not vote in the Arizona state primary election held in September, 1992 because Arizona Revised Statute (A.R.S.) 16–467(B) denies any voter not affiliated with a political party the opportunity to vote in that party's primary.[2] On December 27, 1993, the district court granted defendant's motion for summary judgment and denied Ziskis's motion for summary judgment.

We review a grant of summary judgment *de novo. Hanon v. Dataproducts Corp.,* 976 F.2d 497, 500 (9th Cir.1992). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### DISCUSSION

We note at the outset that *Tashjian v. Republican Party of Connecticut,* 479 U.S. 208, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986), does not control our decision here. In *Tashjian,* the Supreme Court considered a challenge brought by the Republican Party of Connecticut to a state law that prevented it from permitting non-members to vote in its primary. The Supreme Court ruled that closed party primary election laws are unconstitutional as applied to political parties that wish to permit non-party members to vote in their primaries. *Id.* at 215–16, 229, 107 S.Ct. at 549, 556–57. Here, however, Ziskis does not assert the associational rights of a political party or its members. Rather, he challenges Arizona's closed party primary election law only as it applies to non-party, independent voters like himself. He seeks the right to vote in the primary of a party of which he is not a member and which chooses to limit primary voting to members only. Accordingly, Ziskis' challenge is "analytically distinct" from the one considered in *Tashjian,* in which there was "no conflict between the associational interests of members and

nonmembers." *Id.* at 215 n. 6, 107 S.Ct. at 549 n. 6.

We conclude that the relevant precedent is *Nader v. Schaffer,* 417 F.Supp. 837 (D.Conn.), *summarily affirmed,* 429 U.S. 989, 97 S.Ct. 516, 50 L.Ed.2d 602 (1976). *Nader* also involved a challenge by a non-party member to a state's closed party primary election law. Arizona's closed party primary system is virtually identical to the one considered in *Nader,* which required party primary voters to have been "on the last-complete enrollment list of such party in the municipality or voting district." *Id.* at 840 (citation omitted). Arizona only allows those voters who are "affiliated"—i.e., enrolled—with a party to vote in that party's primary. A.R.S. § 16–467(B). *Tashjian* itself stated that *Nader* remained a valid precedent in cases brought "by nonmembers of a party seeking to vote in that party's primary despite the party's opposition." *Tashjian,* 479 U.S. at 215 n. 6, 107 S.Ct. at 549 n. 6. Here, Ziskis does not assert that the Republican or Democratic parties in Arizona would allow non-party members such as himself to vote in their primaries were it not for the state law in question. Thus, *Nader's* reasoning is applicable to Ziskis' challenge to Arizona's closed party "nominating process".

The *Nader* Court stated that "the state has a legitimate interest in protecting party members' associational rights, by legislating to protect the party 'from intrusion by those with adverse political principles.'" *Id.* at 845 (citation omitted); *see also Democratic Party of U.S. v. Wisconsin,* 450 U.S. 107, 122, 101 S.Ct. 1010, 1019, 67 L.Ed.2d 82 (1981) (noting that "the inclusion of persons unaffiliated with a political party may seriously distort its collective decisions—thus impairing the party's essential functions—and [thus] political parties may accordingly protect themselves 'from intrusion by those with adverse political principles'") (citation omitted).

1. Ziskis also alleged that A.R.S. §§ 16–341, 16–321, and 16–311 violate the equal protection clause because they make it more difficult for an independent candidate to achieve ballot status. Ziskis does not, however, raise these claims on appeal.

2. The relevant sections of A.R.S. § 16–467 read:

A. At primary elections there shall be provided a separate ballot for each party entitled to participate in the primary.

B. Each party ballot shall be designated by the name of the party, and the voter shall be given by the judge of election one ballot only of the party with which the voter is affiliated as it appears in the precinct register.

Although the appellant in *Nader*, like the appellant here, asserted violations of the right to free association, right to vote, and right to equal protection under the law, the *Nader* court refused to apply strict judicial review. The court noted that "[t]here must be more than a minimal infringement" on the right to free association, to vote, and to equal protection, "before strict judicial review is warranted." *Id.* at 849. In *Nader*, as in this case, registering as a member of a political party "is not particularly burdensome, and it is a minimal demonstration by the voter that he has some 'commitment' to the party in whose primary he wishes to participate." *Id.* at 847. If the independent voter "choose[s] not to associate, by not enrolling in a party, [his] right to vote in the *general* election is unaffected." *Id.*

Moreover, the *Nader* court noted that

> [a]lthough plaintiffs are 'interested' in and 'affected' by the ultimate selection of their governmental leaders, they are *not* 'interested' in primary elections in the crucial, distinguishing aspect that party members are interested. Namely, plaintiffs are *not* 'interested' in nominating the candidate who presents the best chance of winning the general election while remaining most faithful to party policies and philosophies.

*Id.* at 848. Here, there is no showing that Ziskis is interested in nominating candidates who are most faithful to the party policies and philosophies of the Democratic and Republican parties. Indeed, Ziskis's "refusal to join any of these voluntary associations, which are organized for the purpose of effectuating their members' political goals, is fundamentally inconsistent with any claim that [he is] as 'interested' as party members in the outcome of the party nominating process." *Id.* at 848. Thus, given the state's interest in protecting the associational rights of party members and in preserving the integrity of the electoral process, the state may legitimately allow political parties to close their primaries to nonmembers.

AFFIRMED.