KEVIN R. TRANTHAM; GARY D. WARREN AND WIFE, PEGGY M. WARREN, PLAINTIFFS v. KENNETH LANE, INDIVIDUALLY; MACON COUNTY SHERIFF'S DEPARTMENT; AND MACON COUNTY, NORTH CAROLINA, DEFENDANTS

No. COA96-1086

(Filed 19 August 1997)

**1. Appeal and Error § 111 (NCI4th)— public officer immunity—refusal to dismiss complaint—immediate appeal**

The trial court's denial of a motion to dismiss claims against a deputy sheriff in his individual capacity on the basis of public officer immunity was immediately appealable.

**2. Public Officers and Employees § 35 (NCI4th); Sheriffs, Police, and Other Law Enforcement Officers § 13 (NCI4th)— action against deputy sheriff—individual capacity—immunity**

   The father, aunt and uncle of a child failed to state a claim for negligence against a deputy sheriff in his individual capacity based upon assistance to the mother in regaining custody of the child, although the caption of the complaint stated that the deputy was being sued individually, where the overall tenor of the complaint focused on the deputy's official duties as a law officer, and the complaint failed to assert liability for negligence against the deputy separate from his official duties. Therefore, the deputy was entitled to immunity, and the trial court should have dismissed the complaint.

   Appeal by defendant Kenneth Lane from order entered 24 June 1996 by Judge Raymond A. Warren in Macon County Superior Court. Heard in the Court of Appeals 13 May 1997.

   *Jack W. Stewart for plaintiff appellees.*

   *Womble Carlyle Sandridge & Rice, P.L.L.C., by G. Michael Barnhill and W. Clark Goodman, for defendant appellant Kenneth Lane.*

COZORT, Judge.

   The question presented by this appeal is whether or not the trial court erred by deciding not to dismiss a complaint against a Deputy Sheriff who was assisting a spouse in regaining custody of her son. Even though the complaint purports to sue the Deputy in his individual capacity, we find that the allegations of the complaint relate only to the Deputy's official duties, and we hold the trial court erred by not dismissing the action as to the Deputy. The facts follow.

   On 24 April 1992, plaintiff Kevin Trantham and Kimberly W. Trantham entered into a separation agreement, which provided that Kimberly Trantham would maintain primary care and custody of their two-year-old son Zachary Ray Trantham. On 9 January 1993, Zachary Ray Trantham was at the home of his paternal aunt and uncle, plaintiffs Gary and Peggy Warren. Gary and Peggy Warren live in the private community of Highland Falls Country Club. Defendant, Deputy Sheriff Kenneth Lane, was dispatched to pick up Kimberly Trantham

and her boyfriend in order to assist Kimberly Trantham in regaining custody of her son from the Warrens.

When Deputy Lane and Kimberly Trantham arrived at the Warrens' residence, Peggy Warren objected to surrendering custody of the minor child based on a pending custody action filed by plaintiff Kevin Trantham. Deputy Lane advised the Warrens that he had a court order signed by a judge authorizing him to take custody of the minor child. Deputy Lane insisted that the Warrens turn over custody of the minor child to Kimberly Trantham. Deputy Lane entered the Warrens' home to make a telephone call and before leaving the premises took custody of the minor child and turned him over to Kimberly Trantham.

On 8 January 1996, plaintiffs filed a complaint alleging claims arising out of Deputy Lane's actions in his capacity as a Deputy Sheriff in the office of the Macon County Sheriff. On 7 March 1996, defendants filed an answer which included a motion to dismiss for lack of jurisdiction over the subject matter, over the person, insufficiency of service of process and failure to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), (5) and (6) (1990). On 24 June 1996, the trial court granted defendants' motion as to all claims against the Macon County Sheriff's Department, Macon County, and Kenneth Lane in his official capacity. The trial court denied the motion as to all claims against Kenneth Lane in his individual capacity. From this order defendant appeals.

[1] Defendant seeks review of the trial court's denial of the motion to dismiss all claims against Deputy Lane in his individual capacity on the basis of public officer immunity. Initially, "we must note that an order which does not completely dispose of a case is interlocutory and generally not appealable." *Moore v. Evans*, 124 N.C. App. 35, 39, 476 S.E.2d 415, 419 (1996). The denial of a motion to dismiss is not ordinarily subject to immediate appellate review, but where the motion is based on a substantial claim of immunity, an immediate appeal shall lie. *Faulkenbury v. Teachers' & State Employees' Retirement Sys.*, 108 N.C. App. 357, 365, 424 S.E.2d 420, 423, *appeal dismissed and disc. review denied*, 334 N.C. 162, 432 S.E.2d 358-59, *aff'd*, 335 N.C. 158, 436 S.E.2d 821 (1993).

[2] Defendant argues that the trial court erred in denying the motion to dismiss as to plaintiffs' claims against Deputy Lane in his individual capacity. We agree. The general rule regarding official immunity

is: " 'As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, . . . keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability.' " *Golden Rule Ins. Co. v. Long*, 113 N.C. App. 187, 194, 439 S.E.2d 599, 603, *appeal dismissed and disc. review denied*, 335 N.C. 555, 439 S.E.2d 145-46 (1993). This Court has also held that, while "named defendants may be shielded from liability in their official capacities, they remain *personally* liable for any actions which may have been corrupt, malicious or perpetrated outside and beyond the scope of official duties." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 526, 402 S.E.2d 862, 865 (1991). To sustain the personal or individual capacity suit, the plaintiff must initially make a *prima facie* showing that the defendant-official's tortious conduct falls within one of the immunity exceptions, *i.e.*, that the official's conduct is malicious, corrupt, or outside the scope of official authority. *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 852, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996).

"Although a plaintiff generally designates in the caption of his or her complaint in what capacity a defendant is being sued, this caption is not determinative on whether . . . a defendant is actually being sued in his or her individual or official capacity." *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 279 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). The court must inspect the text of the complaint as a whole to determine the true nature of the claim. *Lynn v. Clark*, 254 N.C. 460, 460-61, 119 S.E.2d 187, 188 (1961). If the plaintiff fails to advance any allegations in his or her complaint other than those relating to a defendant's official duties, the complaint does not state a claim against a defendant in his or her individual capacity, and instead, is treated as a claim against defendant in his official capacity. *Whitaker v. Clark*, 109 N.C. App. 379, 383-84, 427 S.E.2d 142, 145, *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993); *see Aune v. University of North Carolina*, 120 N.C. App. 430, 436-37, 462 S.E.2d 678, 683 (1995), *disc. review denied*, 342 N.C. 893, 467 S.E.2d 901 (1996); *Gregory v. City of Kings Mountain*, 117 N.C. App. 99, 102-03, 450 S.E.2d 349, 353 (1994); *Stancill v. City of Washington*, 29 N.C. App. 707, 710, 225 S.E.2d 834, 836 (1976).

In the present case, the overall tenor of the complaint focuses on defendant Lane's official duties as a law enforcement officer. Plaintiffs fail to advance allegations in the complaint to assert liabil-

ity for negligence against Deputy Lane separate from his official duties; the complaint fails to state a claim against defendant Lane in his individual capacity. The words "individual" or "individual capacity" can be found only in the caption, not in the body of the complaint. Plaintiffs use the following language in their complaint:

> 10. That on or about January 9, 1993, Deputy Kenneth Lane of the Macon County Sheriff's Department, while acting as a public law enforcement officer under the color of title and authority, was dispatched from his office in Franklin, North Carolina . . . .

> \* \* \* \*

> 17. That the Plaintiffs' [sic] aver that the actions of Deputy Kenneth Lane, being a public law enforcement officer, duly sworn and authorized to enforce the law, did intentionally misrepresent his purpose, falsely advance his claim of a non-existent court order, and exceed his authority to enter the home while acting under color of title and office to remove the minor child from the care and control of the Plaintiffs in the manner herein described above.

After review of this language and the complaint as a whole, we hold that plaintiffs have asserted a negligence claim against defendant in his official capacity alone. The trial court erred by denying the motion to dismiss as to plaintiffs' claims against Deputy Lane individually. Accordingly, we reverse the ruling of the trial court and remand for entry of an order granting the motion to dismiss claims against Deputy Lane in his individual capacity. Because we reverse and remand for the above mentioned reasons, we need not address defendant's second assignment of error.

Reversed and remanded.

Judges MARTIN, Mark D., and TIMMONS-GOODSON concurred in this opinion prior to 31 July 1997.