HILDA McCARN, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF TERRY McCARN, DECEASED, AND JACK McCARN, PLAINTIFFS V. KEN BEACH, CHIEF OF THE GASTON COUNTY POLICE DEPARTMENT; TOMMY FULLER AND DOUGLAS IVEY, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE GASTON COUNTY POLICE EMERGENCY RESPONSE TEAM, AND GASTON COUNTY, A NORTH CAROLINA MUNICIPALITY, DEFENDANTS

No. COA97-582

(Filed 20 January 1998)

**Sheriffs, Police, and Other Law Enforcement Officers § 13 (NCI4th)— police officers—individual capacities—insufficient allegations—public officer immunity**

In an action resulting from the death of plaintiffs' son, plaintiffs' complaint failed to state a claim against defendant police officers in their individual capacities and should have been dismissed based on the doctrine of public officer immunity where the allegations of the complaint focus on defendants' negligence only in their official capacities; the only mention of suing the officers as individuals is found in the caption of the complaint; and there are no allegations of malice, corruption, or that the officers were acting outside the scope of their official authority.

Appeal by defendants from order entered 13 January 1997 by Judge Jesse B. Caldwell, III, in Gaston County Superior Court. Heard in the Court of Appeals 4 December 1997.

*DeVore & Acton, P.A., by Fred W. DeVore, III, for plaintiff appellees.*

*Womble Carlyle Sandridge & Rice, by G. Michael Barnhill and W. Clark Goodman, for defendant appellants.*

SMITH, Judge.

On the morning of 10 July 1993, decedent Terry McCarn ("Terry") and his father Jack McCarn ("Jack") were visiting the home of Terry's brother Mike McCarn ("Mike"). Terry, a 47-year-old functioning at an IQ of 62, lived with his parents. Terry's brother Mike lived in a house approximately 150 yards away from the parents.

That morning, Terry became upset because his brother and father were doing some plumbing repairs without him. Terry demanded that his father return with him to their house. Terry was carrying a double-barreled shotgun at the time. After they left, Mike called 911 explaining that his brother was suffering from a mental disability and had a gun pointed at their dad.

During the walk home, Terry fired the shotgun twice into some trees and told his dad that it "should teach you a lesson." Soon thereafter, Officer J. D. Costner arrived at the McCarn house and Jack asked him to help take Terry to the hospital for treatment. The officer called to Terry's mother Hilda McCarn ("Hilda") and requested she come outside. Repeated attempts to communicate with Hilda and Terry received no response. Subsequently, more officers arrived on the scene and were advised it was a hostage situation.

Eventually, Hilda left the house. However, further attempts to contact Terry were unsuccessful. Approximately three hours after arriving at the house, the police had electricity to the house cut off in an attempt to drive Terry outside. The officers still received no response. Officers warned Terry that they were going to introduce pepper gas into the house, but again received no communication from him.

Approximately four hours after their arrival, officers deployed pepper gas. Eventually, Terry emerged from the house carrying a shotgun. Terry walked around the house and pointed his shotgun at Officer Harris, who was only a few feet away. Officer Harris, Officer Isenhour, and Terry all fired their weapons. Terry died from multiple gunshot wounds.

Plaintiffs brought a suit alleging claims in federal court pursuant to 42 U.S.C. § 1983 and also state negligence claims. Subsequently defendants' summary judgment motion as to all of plaintiffs' claims under 42 U.S.C. § 1983 was allowed, but the federal court declined to exercise supplemental jurisdiction over plaintiffs' state law claims.

Plaintiffs appealed that decision and the Fourth Circuit Court of Appeals affirmed in an unpublished opinion.

On 30 August 1996, plaintiffs filed this action, alleging state claims of negligence, gross negligence, negligent intentional infliction of emotional distress, and property damage. On 4 November 1996, defendants filed a motion to dismiss all claims pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), (2), and (6), based on lack of jurisdiction over the subject matter, lack of jurisdiction over the person, and for failure to state a claim upon which relief may be granted. Judge Jesse B. Caldwell, III, denied the motion to dismiss. Defendants appeal.

In general, the denial of a motion to dismiss is interlocutory and thus not immediately appealable. *Anderson v. Town of Andrews*, 127 N.C. App. 599, 601, 492 S.E.2d 385, 386 (1997). However, if immunity is raised as a basis in a motion for summary adjudication, a substantial right is affected and the denial is immediately appealable. *Id.* The standard of review on a motion to dismiss involves a determination of whether, as a matter of law, the complaint, treating its allegations as true, is sufficient to state a claim upon which relief may be granted. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987).

The first issue on appeal is whether the trial court erred in denying defendants' motion to dismiss all claims against the officers in their individual capacities based on public officer immunity. The general rule of official immunity is that a public officer who exercises his judgment and discretion within the scope of his official authority, without malice or corruption, is protected from liability. *Golden Rule Ins. Co. v. Long*, 113 N.C. App. 187, 194, 439 S.E.2d 599, 603, *appeal dismissed and disc. review denied*, 335 N.C. 555, 439 S.E.2d 145 (1993). In order to hold an officer personally liable in his individual capacity, a plaintiff must make a prima facie showing that the officer's conduct is malicious, corrupt, or outside the scope of his official authority. *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 852, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996).

The caption of a case is not determinative of whether a defendant is being sued in his individual or official capacity. *Taylor v. Ashburn*, 112 N.C. App. 604, 607, 436 S.E.2d 276, 279 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). Furthermore,

[i]f the plaintiff fails to advance any allegations in his or her complaint other than those relating to a defendant's official duties, the complaint does not state a claim against a defendant in his or her individual capacity, and instead, is treated as a claim against defendant in his official capacity.

*Trantham v. Lane*, 127 N.C. App. 304, 307, 488 S.E.2d 625, 628 (1997) (citations omitted).

In the instant case, the allegations of the complaint focus on defendants' negligence only in their official duties as law enforcement officers. The complaint fails to state a claim against the defendants in their individual capacities as there are no allegations of malice, corruption, or that the officers were acting outside the scope of their official authority. *Epps*, 122 N.C. App. at 205, 468 S.E.2d at 852; *Trantham*, 127 N.C. App. at 307, 488 S.E.2d at 627. The only mention of suing the officers as individuals is found in the caption and not in the body of the complaint. Plaintiffs even allege in their complaint that at all times defendants were acting within the scope of their employment. Because all claims alleged against defendants are in their official capacities, they are protected from liability by their official immunity.

The trial court erred by denying the motion to dismiss based on public officer immunity. Thus, we reverse and remand this case for entry of an order granting the motion to dismiss. In light of the foregoing reasoning, we need not address defendants' other assignments of error.

Reversed and remanded.

Judges MARTIN, John C., and JOHN concur.