R.D. BUCHANAN, C.W. CRABTREE, LARRY EASON, HOLLY FERRELL, AND TERESA PARRISH, PLAINTIFFS-APPELLANTS v. ALBERT L. HIGHT, SHERIFF OF DURHAM COUNTY, N.C., INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY, DEFENDANT-APPELLEE

No. COA98-838

(Filed 18 May 1999)

1. **Employer and Employee— sheriff's deputies—termination of employment—breach of contract and due process claims—employment at will**

   The trial court did not err by granting judgment on the pleadings for defendant on contract and due process claims by several sheriff's deputies arising from the termination of their employment. Plaintiffs made no allegation that they were employed for a definite period of time or that they were exempted from the rule of employment-at-will by one of the well-established exceptions.

2. **Public Officers and Employees— sheriff—termination of deputies—action in official capacity**

   The trial court did not err by granting judgment on the pleadings for defendant-sheriff on all claims in his individual capacity arising from the termination of the employment of several deputies. Although plaintiffs contend that the complaint alleges acts outside defendant's official duties, all of plaintiffs' allegations arise from their termination from the sheriff's department and they admit in their complaint that the sheriff retained final authority over employment decisions, which is given to the sheriff by statute. The terminations were within the official duties of the defendant.

**3. Civil Rights— 1983 action—termination of deputies' employment**

The trial court did not err in an action arising from the termination of the employment of several sheriff's deputies by holding that defendant-sheriff was not subject to liability for monetary damages under 42 U.S.C. 1983. Under *Messick v. Catawba County*, 110 N.C. App. 707 and *Slade v. Vernon*, 110 N.C. App. 422, no recovery is available.

**4. Constitutional Law—State— law of the land clause—sheriff's deputies—termination of employment**

The trial court did not err by granting judgment on the pleadings for defendant-sheriff on claims under the Law of the Land Clause of the North Carolina Constitution in an action arising from the termination of employment of several sheriff's deputies where the plaintiffs lacked the requisite property interest in continued employment to trigger the protections afforded by the State Constitution.

Appeal by plaintiffs from an order entered 12 March 1998 by Judge E. Lynn Johnson in Durham County Superior Court. Heard in the Court of Appeals 25 February 1999.

*Loflin & Loflin, by Ann F. Loflin, for plaintiffs-appellants.*

*Durham County Attorney's Office, by Assistant County Attorney Simoné Frier Alston, for defendant-appellee.*

WALKER, Judge.

At the time of the commencement of this action, the five plaintiffs were former employees of the Durham County Sheriff's Department. Each had been terminated by defendant during the months of May and July 1993. All five plaintiffs brought claims seeking injunctive relief and monetary damages for breach of contract deriving from General Order 2.6, which provided for the right to appeal a termination to the Termination Review Board. The General Orders was a set of policies and instructions promulgated by the defendant sheriff as guidelines for the department. The plaintiffs also made claims for denial of due process under the Fourteenth Amendment to the United States Constitution, violation of 42 U.S.C. § 1983, and violation of Art. I, section 19 of the North Carolina Constitution arising out of their terminations. Plaintiffs Ferrell and Parrish brought additional claims

of sexual discrimination under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1981a and 1983, and Art. I, sections 1 and 19 of the North Carolina Constitution. Defendant filed an answer on 10 March 1995 and an amended answer on 10 April 1995. In the amended answer, defendant denied the allegations and asserted the defenses of qualified immunity and governmental immunity. On 16 January 1998, defendant filed a motion for judgment on the pleadings pursuant to N.C.R. Civ. P. 12(c), which the trial court granted on 12 March 1998.

Judgment on the pleadings is proper where the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Trust Co. v. Elzey*, 26 N.C. App. 29, 214 S.E.2d 800, *cert. denied*, 288 N.C. 252, 217 S.E.2d 662 (1975). All allegations in the non-movant's pleadings except conclusions of law, legally impossible facts, and matters not admissible as evidence are admitted by the movant and all inferences are viewed in the light most favorable to the non-movant. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974).

Plaintiffs argue the following assignments of error: (1) whether the trial court erred in failing to substitute the defendant's successor as party defendant for the purpose of granting injunctive relief, (2) whether the trial court erred in finding that claims were not properly made against the defendant in his individual capacity, (3) whether the General Orders which defendant promulgated formed an employment contract with the plaintiffs from which they can derive injunctive and monetary relief, (4) whether the defendant can be sued in his official capacity under 42 U.S.C. § 1983, and (5) whether the plaintiffs properly stated claims under provisions of the North Carolina Constitution.

[1] Plaintiffs' first and third assignments of error are determined by whether a contract existed from which defendants may claim breach of contract and denial of due process rights. The trial court held that because the complaint did not allege a contract for a definite period, the plaintiffs were terminable at will, and that no property rights are derived from employment-at-will which can be deprived in violation of due process. Plaintiffs argue that the allegations in the complaint, construed liberally in favor of the plaintiffs, state sufficient facts to make valid claims for breach of contract and denial of due process.

North Carolina has embraced the employment-at-will doctrine. *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 331,

493 S.E.2d 420, 422 (1997), *rehearing denied*, 347 N.C. 586, 502 S.E.2d 594 (1998). In the absence of a contractual agreement establishing a definite term of employment, the relationship between employer and employee is presumed to be terminable at will. *Soles v. City of Raleigh Civil Service Comm.*, 345 N.C. 443, 480 S.E.2d 685, *rehearing denied*, 345 N.C. 761, 485 S.E.2d 299 (1997). Furthermore, N.C. Gen. Stat. § 153A-103 provides that a sheriff has the exclusive right to hire and discharge all employees within his department, emphasizing the employment-at-will nature of the employment contract within sheriffs' departments. N.C. Gen. Stat. § 153A-103 (1991).

In their complaint, plaintiffs made the following allegations:

9. Plaintiffs' employment at the Durham County Sheriff's Department at all times material hereto has been subject to a document known as the General Orders.

. . .

11. Paragraph 13 of General Order 2.6 granted terminated employees the right to appeal that termination of employment to a Termination Review Board. Under General Order 2.6, the Review Board conducts a hearing, [and] makes a recommendation to the Sheriff, *who has the final authority to accept or reject the recommendation.*

12. The Defendant Hight, in express violation of General Order 2.6, failed to procure a recommendation from the Review Board after a hearing held for each of the Plaintiffs and further failed to make a decision upon the evidence presented at the Review hearing for each Defendant [sic].

(Emphasis added).

Plaintiffs make no allegation that they were employed for a definite period of time or that they were exempted from the rule of employment-at-will by one of the well-established exceptions. *See Kurtzman*, 347 N.C. at 331, 493 S.E.2d at 422 (exceptions include employment for a definite period, public policy justifications, and federal and statutory exceptions). Further, in paragraph 11, plaintiffs admit that the sheriff retained the final authority over termination decisions. In *Harris v. Duke Power Co.*, 319 N.C. 627, 356 S.E.2d 357 (1987), our Supreme Court upheld the dismissal of a claim for wrongful termination against a former employer where the plaintiff failed to allege that the employment contract was not terminable at will. While

plaintiffs claim that their employment was subject to the General Orders, their claim does not withstand defendant's motion for judgment on the pleadings in that their employment was terminable at will. Further, one whose contract for employment is terminable at will has no property interest in the employment which may form the basis for a denial of due process claim. *Peele v. Provident Mut. Life Ins. Co.,* 90 N.C. App. 447, 451, 368 S.E.2d 892, 894-95, *disc. review denied,* 323 N.C. 366, 373 S.E.2d 547 (1988). Thus, plaintiffs' first and third assignments of error are overruled.

[2] In their second assignment of error, plaintiffs contend the trial court erred by granting judgment for the defendant on all claims in his individual capacity. The trial court found that the acts alleged by plaintiffs were within the official duties of the defendant as sheriff and failed to state a claim against him in his individual capacity. Plaintiffs argue that *Trantham v. Lane,* 127 N.C. App. 304, 488 S.E.2d 625 (1997) is distinguishable and that the complaint alleges acts outside of defendant's official duties which establish a valid claim.

In *Trantham,* this Court held that the trial court erred in failing to dismiss claims against a deputy sheriff in his individual capacity. *Id.* The caption of the complaint stated individual capacity, but the substantive allegations related solely to actions undertaken as part of his official duties as a sheriff's deputy. *Id.*

> If the plaintiff fails to advance any allegations in his or her complaint other than those relating to a defendant's official duties, the complaint does not state a claim against a defendant in his or her individual capacity, and instead, is treated as a claim against defendant in his official capacity.

*Id.* at 307, 488 S.E.2d at 628.

In this case, plaintiffs Ferrell and Parrish argue that the allegations of sexual discrimination occurred outside the scope of defendant's official duties. However, all of plaintiffs' allegations arise from their termination from the sheriff's department. Plaintiffs admit in their complaint that the sheriff retained final authority over employment decisions which the sheriff is given by statute. *See* N.C. Gen. Stat. § 153A-103 (1991).

Plaintiffs argue that *Epps v. Duke University,* 116 N.C. App. 305, 447 S.E.2d 444 (1994) requires a different result. In *Epps,* this Court, in ruling on the denial of a motion to dismiss, held that the plaintiffs had stated sufficient facts to place the defendant on notice that he

was being sued in his individual capacity where the complaint did not specifically state the capacity in which defendant was sued. *Id.* In this case, on the basis of all the pleadings, the trial court held that although defendant was named in his individual capacity, the claims were within his official duties as sheriff and did not subject him to personal liability. We agree with the trial court that the terminations were within the official duties of the defendant, and this assignment of error is overruled.

**[3]** In their fourth assignment of error, plaintiffs contend the trial court erred by holding that the defendant was a "state official" and thus was not subject to liability under 42 U.S.C. § 1983. Plaintiffs argue that because sheriffs are elected by the voters of individual counties and because numerous statutes refer to the local powers of sheriffs, they are local officials. Plaintiffs cite *Hull v. Oldham*, 104 N.C. App. 29, 407 S.E.2d 611, *disc. review denied*, 330 N.C. 441, 412 S.E.2d 72 (1991) as authority for that assertion. In *Hull*, this Court held that claims against a sheriff and deputies were properly instituted in superior court and were not required to be brought before the North Carolina Industrial Commission. *Id.* Here, plaintiffs' arguments are not persuasive because the only two appellate decisions in this State decided since *Hull* and dealing with section 1983 as applied to sheriffs hold to the contrary.

In *Corum v. University of North Carolina*, 330 N.C. 761, 771, 413 S.E.2d 276, 282, *rehearing denied*, 331 N.C. 558, 418 S.E.2d 664, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992), our Supreme Court held that when an action under 42 U.S.C. § 1983 seeking monetary damages is brought against "the State, its agencies, and/or its officials acting in their official capacities" in state court neither the State nor its officials are considered "persons" within the meaning of the statute. Thus, a claim under section 1983 cannot be made against those entities. This rule was applied to sheriffs by this Court in *Messick v. Catawba County*, 110 N.C. App. 707, 431 S.E.2d 489, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993) and *Slade v. Vernon*, 110 N.C. App. 422, 429 S.E.2d 744 (1993). In *Messick*, the plaintiff sued the defendant sheriff claiming section 1983 violations because of an investigation into sexual abuse charges which were later dismissed. 110 N.C. App. at 713, 431 S.E.2d at 493. Applying *Corum*, this Court held that because the plaintiff sought monetary damages, no recovery was available against the sheriff or the county. *Id.* In *Slade*, this Court held that a claim under section 1983 could not be maintained against a sheriff and jailers within his department

because as "state officials" they were not "persons" within the meaning of the statute. 110 N.C. App. at 429, 429 S.E.2d at 748. Here, plaintiffs seek monetary damages for the alleged violations of section 1983; however, under *Messick* and *Slade* we conclude no recovery is available. *See, e.g., Corum*, 330 N.C. 761, 413 S.E.2d 276; *McMillian v. Monroe County, Alabama*, 520 U.S. 781, 138 L. Ed. 2d 1 (1997); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 105 L. Ed. 2d 45 (1989). This assignment of error is overruled.

[4] Finally, plaintiffs assign as error the trial court's order allowing judgment on the pleadings for defendant on plaintiffs' claims under Art. I, section 19 of the North Carolina Constitution. Plaintiffs argue that because the trial court granted judgment on the pleadings on all of their other claims, they lack an adequate state remedy such that they should be allowed to proceed directly with their claim under this State's Constitution.

Art. I, section 19 of the North Carolina Constitution is commonly called the Law of the Land Clause and is considered the equivalent of the Due Process Clause of the United States Constitution. *Lorbacher v. Housing Authority of the City of Raleigh*, 127 N.C. App. 663, 674-75, 493 S.E.2d 74, 81 (1997). Where no adequate state remedy exists by statute for a violation of a constitutional right, redress is available through the common law. *Midgett v. Highway Commission*, 260 N.C. 241, 132 S.E.2d 599 (1963), *overruled on other grounds, Lea Co. v. N.C. Board of Transportation*, 308 N.C. 603, 304 S.E.2d 164 (1983). Thus, a direct claim under the North Carolina Constitution can be made where no other legal remedy is available. *Corum*, 330 N.C. at 782, 413 S.E.2d at 289. However, in this case, plaintiffs lack "the requisite property interest in continued employment to trigger the protections afforded by our State Constitution." *Lorbacher*, 127 N.C. App. at 675, 493 S.E.2d at 81; *see Peele*, 90 N.C. App. 447, 368 S.E.2d 892. Therefore, plaintiffs are not entitled to assert a direct due process claim under the North Carolina Constitution and this assignment of error is overruled.

For the reasons stated, the order of the trial court is

Affirmed.

Judges JOHN and McGEE concur.