NEIER v. STATE OF N.C.

[151 N.C. App. 228 (2002)]

━━━━━━━━━━━

BRYCE D. NEIER, ET AL., PLAINTIFF V. STATE OF NORTH CAROLINA, NORTH CAROLINA STATE BOARD OF ELECTIONS, CUMBERLAND COUNTY BOARD OF ELECTIONS, MICHAEL C. BOOSE, JOHN W. DICKSON, AND ADMINISTRATIVE OFFICE OF THE COURTS OF STATE OF NORTH CAROLINA, DEFENDANTS

No. COA01-652

(Filed 2 July 2002)

**Elections— restricting vote in primary—nonpartisan elections of district court judges—motion to dismiss**

The trial court did not err by dismissing appellants' complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) in a declaratory judgment action seeking to have N.C.G.S. § 163-59 declared unconstitutional as applied to primary elections of district court judges and seeking a declaration that district court judges should be elected in nonpartisan elections based on the fact that plaintiff registered Republican was prevented from voting in the Democratic primary while registered Democrats and unaffiliated voters were allowed to vote since the Democratic party was the only party fielding candidates for the district court in the election at issue, because:

**NEIER v. STATE OF N.C.**

[151 N.C. App. 228 (2002)]

(1) contrary to appellants' contention, the trial court did not shift the burden of proof to plaintiff from defendants by inviting the nonmovant to submit case law in support of the legal sufficiency of the claim; (2) the fact that there was only one candidate on the ballot for the general election was not the result of any action of the State, but rather the failure of parties other than the Democratic party to field any candidates; (3) N.C.G.S. § 163-123 provides for write-in candidates in partisan elections; (4) the fact that North Carolina, subject to the parties' authorization, allows unaffiliated voters to vote in primaries does not change the nature of the constitutional issues asserted; and (5) although plaintiff contends the trial court was not fair and impartial at the hearing on the motions to dismiss, any alleged lack of impartiality on the trial court is irrelevant based on the Court of Appeals' affirmance of the trial court's ruling after a de novo review.

Appeal by plaintiff and one defendant from order entered 3 August 2000 by Judge Knox Jenkins in Cumberland County Superior Court. Heard in the Court of Appeals 25 March 2002.

*Bryce D. Neier, plaintiff-appellant, pro se.*

*Michael C. Boose, defendant-appellant, pro se.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Alexander McC. Peters, for defendant-appellees State of North Carolina, North Carolina State Board of Elections, and Administrative Office of the Courts of State of North Carolina.*

*Cumberland County Attorney's Office, by Douglas E. Canders, for defendant-appellee Cumberland County Board of Elections.*

HUDSON, Judge.

Plaintiff Bryce D. Neier and Defendant Michael C. Boose (collectively, "appellants") appeal from an order of the superior court dismissing Neier's complaint pursuant to N.C.R. Civ. P. 12(b)(6). For the reasons given below, we affirm.

First, we briefly summarize the facts alleged by plaintiff, which we take as true for the purpose of reviewing the trial court's grant of defendants' motions to dismiss pursuant to N.C.R. Civ. P. 12(b)(6), *see Fuller v. Easley*, 145 N.C. App. 391, 398, 553 S.E.2d 43, 48 (2001). Plaintiff is a citizen and resident of Fayetteville, North Carolina, reg-

istered to vote in the Twelfth Judicial District in Cumberland County. Plaintiff is registered as affiliated with the Republican Party.

Plaintiff's complaint involves the Democratic primary election for district court judge that was held in the Twelfth Judicial District on 2 May 2000. Defendant John W. Dickson, registered as a Democrat, was appointed in 1997 to the position of district court judge in the Twelfth Judicial District and was seeking election to that position at the time of the primary. Defendant Michael Boose, also a registered Democrat, opposed Defendant Dickson in that primary. There were no other candidates running for the position in either the primary or the general election. Thus, the winner of the Democratic primary would automatically win the general election.

As a registered Republican, plaintiff was prohibited by statute from participating in the Democratic primary. The statute provides in relevant part as follows:

> No person shall be entitled to vote or otherwise participate in the primary election of any political party unless he
>
> (1) Is a registered voter, and
>
> (2) Has declared and has had recorded on the registration book or record the fact that he affiliates with the political party in whose primary he proposes to vote or participate, and
>
> (3) Is in good faith a member of that party.
>
> Notwithstanding the previous paragraph, any unaffiliated voter who is authorized under G.S. 163-119 may also vote in the primary if the voter is otherwise eligible to vote in that primary except for subdivisions (2) and (3) of the previous paragraph. . . .

N.C. Gen. Stat. § 163-59 (2001). Unaffiliated voters may vote in a partisan primary if the State Executive Committee of the political party so authorizes. See N.C. Gen. Stat. § 163-119 (2001).

On 22 March 2000, plaintiff filed a declaratory judgment action seeking to have N.C.G.S. § 163-59 declared unconstitutional as applied to primary elections of district court judges, and seeking a declaration that district court judges should be elected in nonpartisan elections. Plaintiff requested that his action be certified as a

class action. Additionally, he requested that the court enjoin the 2 May 2000 primary "as it pertains to the District Court Judge election or in the alternative enjoin either Defendant Michael Boose or Defendant John W. Dickson from taking office pending a final resolution of these matters." On 27 April 2000, after a hearing, the court denied the injunction.

On 22 May 2000, Defendant John W. Dickson; Defendant Cumberland County Board of Elections; and Defendants State of North Carolina, North Carolina State Board of Elections, and Administrative Office of the Courts of State of North Carolina (hereinafter "State Defendants"), each filed motions to dismiss, alleging, *inter alia*, failure to state a claim upon which relief can be granted. On 7 July 2000, plaintiff filed a motion to amend his complaint, accompanied by a proposed amended complaint. The amended complaint added a First Amendment claim. On 3 August 2000, after a hearing on the motions to dismiss, the court dismissed the action. Although the court never explicitly ruled on the motion to amend, the court stated at the beginning of the hearing, "the court has read an amended complaint filed by the plaintiff." None of the defendants objected to the court's consideration of the amended complaint, and consequently, we hold that the court impliedly granted the motion to amend.

Plaintiff Neier noticed his appeal of the order dismissing his complaint on 31 August 2000. Defendant Boose noticed his appeal on 1 September 2000. Neier assigned one error to the trial court's order that Boose did not assign, but otherwise, their assignments of error were the same.

Initially, we note our disagreement with the State's contention that this appeal is moot. The State argues that because the General Assembly has enacted a law providing for nonpartisan elections of district court judges, plaintiff has obtained the relief he seeks.

The State Defendants' attempt at distinguishing *Comer v. Ammons*, 135 N.C. App. 531, 522 S.E.2d 77 (1999), notwithstanding, we find *Comer* to be directly on point, and under *Comer*, this appeal is not moot. The plaintiff in *Comer* filed a declaratory judgment action seeking to have the court declare unconstitutional statutes that allowed a judicial candidate for superior court to simultaneously run for a district court judgeship. *See* 135 N.C. App. at 535, 522 S.E.2d at 79-80. The superior court granted summary judgment in favor of

the defendants, and the plaintiff appealed. Before this Court heard the appeal, the General Assembly amended the statutes at issue to prohibit a superior court candidate from running for another office during the same election. *See id.*, 522 S.E.2d at 80.

We applied the two-pronged test set forth by the United States Supreme Court in *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 649 (1979), pursuant to which a case is rendered moot "when (1) the alleged violation has ceased, and there is no reasonable expectation that it will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Comer*, 135 N.C. App. at 536, 522 S.E.2d at 80. We held that "if the statutes in question were in violation of the North Carolina Constitution, then [the judges elected under those statutes] are holding office unlawfully. If that is the case, then this violation has not ceased and there has been no eradication of the effects of the alleged violation." *Id.* Thus, we held that the appeal was not moot.

Similarly, in the appeal now before us, if appellants are correct that Judge Dickson was elected pursuant to an unconstitutional statute, then he holds his office unlawfully, and the violation continues. Hence, under *Comer*, this appeal is not moot.

We review *de novo* the grant of a motion to dismiss. *See McCarn v. Beach*, 128 N.C. App. 435, 437, 496 S.E.2d 402, 404, *disc. review denied*, 348 N.C. 73, 505 S.E.2d 874 (1998).

> A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to withstand such a motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In general, a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim.

*Harris v. NCNB Nat. Bank of North Carolina*, 85 N.C. App. 669, 670-71, 355 S.E.2d 838, 840-41 (1987) (citations, emphasis, and internal quotation marks omitted).

Appellants first argue that the trial court erred in "shifting the burden of proof to plaintiff from defendants." In particular, appellants state in their brief that "the Court failed to have the moving parties put on any evidence justifying their Rule 12(b)(6) motions and improperly shifted the burden to Plaintiff and ordered Plaintiff to produce caselaw supporting the allegations contained in the complaint." Legal argument, including the citation of case law, is not evidence. Neither party has any evidentiary burden at this stage; plaintiff's factual allegations must be taken as true. While it is often stated that the movant has the burden of demonstrating that the action should be dismissed, the court has not shifted that burden by inviting the non-movant to submit case law in support of the legal sufficiency of his claim. We find this assignment of error to be without merit.

Appellants next argue that N.C.G.S. § 163-59 is unconstitutional as applied to district court elections. Although plaintiff articulated several theories in his amended complaint in support of this contention, appellants argue in their brief only that the application of this statute violated plaintiff's right to equal protection afforded under the state and federal constitutions and the First Amendment of the U.S. Constitution. Additionally, appellants cite authority in support only of these two theories. Therefore, we deem the other theories abandoned. *See* N.C.R. App. P. 28(a); *Everts v. Parkinson*, 147 N.C. App. 315, 332-33, 555 S.E.2d 667, 678 (2001).

Appellants argue, in essence, that Plaintiff Neier's equal protection rights have been violated because, as a Republican, he has been prevented from voting in the Democratic primary, while registered Democrats and unaffiliated voters were allowed to vote. Because the Democratic party was the only party fielding candidates for the district court in the election at issue, plaintiff contends that he was effectively denied the right to vote in that election, since the winner of the Democratic primary was the *de facto* winner of the general election. Appellants' First Amendment argument appears to be that the only way plaintiff could have participated in the election was by registering as a Democrat so that he could vote in the primary, and thus, his right to freedom of association was violated.

To the extent appellants argue that plaintiff was prevented from voting for district judge, this argument is without merit. Plaintiff was

not prevented from voting in the general election. The fact that there was only one candidate on the ballot for the general election was not the result of any action of the State, but rather the failure of parties other than the Democratic party to field any candidates. Furthermore, N.C. Gen. Stat. § 163-123 (2001) provides for write-in candidates in partisan elections. The issue before us, then, is whether restricting the vote in primary elections to party members and unaffiliated voters is unconstitutional.

This issue was decided in *Nader v. Schaffer*, 417 F. Supp. 837 (D. Conn.), *aff'd*, 429 U.S. 989, 50 L. Ed. 2d 602 (1976), by a three-judge court in the U.S. District Court for the District of Connecticut, and the judgment of that court was summarily affirmed by the U.S. Supreme Court. *See also Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 215 n.6, 93 L. Ed. 2d 514, 524 n.6 (1986) (citing *Nader* with approval). At issue in *Nader* was a state statute providing that only voters who had enrolled in a political party could vote in that party's primary. *See Nader*, 417 F. Supp. at 840. The plaintiffs brought several challenges to the statute, including claims that the state:

> (1) by denying them the right to vote in primary elections while extending this right to enrolled party members, deprives plaintiffs of their Fourteenth Amendment right to equal protection of the law; (2) by compelling them either to enroll in a political party or forego a right to vote in a primary election impermissibly forces plaintiffs to choose between a right to vote, on the one hand, and the right freely to associate for the advancement of political ideas, on the other; the latter includes the right to associate with a particular candidate regardless of the candidate's party affiliation . . . .

*Id.* After providing an extensive discussion of the issues, the *Nader* court rejected both these claims. *See id.* at 842-44, 848-49. Other courts, following *Nader*, rejected similar challenges. *See Ziskis v. Symington*, 47 F.3d 1004, 1006 (9th Cir. 1995) ("[G]iven the state's interest in protecting the associational rights of party members and in preserving the integrity of the electoral process, the state may legitimately allow political parties to close their primaries to nonmembers."); *Smith v. Penta*, 405 A.2d 350, 356-57 (N.J.), *appeal dismissed*, 444 U.S. 986, 62 L. Ed. 2d 416 (1979); *In re Barkman*, 726 A.2d 440, 443-44 (Pa. Commw. Ct.), *appeal denied*, 740 A.2d 1149 (Pa.), *cert. denied*, 528 U.S. 1005, 145 L. Ed. 2d 385 (1999). The fact that North Carolina, subject to the party's authorization, allows unaffiliated vot-

ers to vote in primaries does not change the nature of the constitutional issues asserted, and thus, does not change the analysis. Therefore, we follow *Nader* and hold that plaintiff's rights here were not violated by his exclusion from the Democratic primary.

Appellants cite *Republican Party of North Carolina v. Martin*, 980 F.2d 943 (4th Cir. 1992), *cert. denied sub nom. Hunt v. Republican Party of North Carolina*, 510 U.S. 828, 126 L. Ed. 2d 60 (1993), in support of their contention that plaintiff's complaint stated a claim of an equal protection violation sufficient to withstand a Rule 12(b)(6) motion. *Martin* is inapposite here, however. The equal protection claim at issue in *Martin* was a vote dilution claim based on an allegation of political gerrymandering. *See Martin*, 980 F.2d at 952. Thus, *Martin* sheds no light on whether the State violates equal protection by restricting the right to vote in political primaries.

Additionally, appellants cite *California Democratic Party v. Jones*, 530 U.S. 567, 147 L. Ed. 2d 502 (2000), but that case does not advance appellants' position. At issue in *Jones* was a California law imposing a "blanket" primary, pursuant to which all otherwise eligible voters, regardless of party affiliation or lack thereof, were entitled to vote in primary elections. *See* 530 U.S. at 570, 147 L. Ed. 2d at 507. Four political parties that had rules forbidding non-party members from voting in party primaries challenged the law, claiming, *inter alia*, that the law violated their First Amendment rights of association. *See id.* at 571, 147 L. Ed. 2d at 507. The Supreme Court held that the law implicated the First Amendment, observing that the law

> forces [the parties] to adulterate their candidate-selection process—the basic function of a political party—by opening it up to persons wholly unaffiliated with the party. Such forced association has the likely outcome—indeed, in this case the *intended* outcome—of changing the parties' message. We can think of no heavier burden on a political party's associational freedom.

*Id.* at 581-82, 147 L. Ed. 2d at 514 (internal quotation marks and citation omitted). The Court observed that the blanket primary "forces political parties to associate with—to have their nominees, and hence their positions, determined by—those who, at best, have refused to affiliate with the party, and, at worst, have expressly affiliated with a rival." *Id.* at 577, 147 L. Ed. 2d at 511. *Jones* does not recognize a First Amendment claim such as that advanced by appellants; on the contrary, the Court distinguished the blanket primary it was considering from the "closed" primary in which only party members are allowed

to vote. *See id.* In fact, the Court stated that "[i]n no area is the political association's right to exclude more important than in the process of selecting its nominee." *Id.* at 575, 147 L. Ed. 2d at 510.

Finally, Plaintiff Neier contends that the trial court was not fair and impartial at the hearing on the motions to dismiss, and thus, the court's ruling should be reversed. This assignment of error is without merit. The ruling on appeal does not involve any factual issues, but raises solely a question of law. *See McCarn*, 128 N.C. App. at 437, 496 S.E.2d at 404 ("The standard of review on a motion to dismiss involves a determination of whether, as a matter of law, the complaint, treating its allegations as true, is sufficient to state a claim upon which relief may be granted."). Because we have reviewed the trial court's ruling *de novo* and affirmed that ruling, any alleged lack of impartiality on the part of the trial court is irrelevant. Accordingly, we overrule this assignment of error.

Affirmed.

Chief Judge EAGLES and Judge BRYANT concur.