FRED WALLY, LAVON BENTON, RANDALL BENTON, DON CROWE, AND GEORGE MARTOCCHIO v. CITY OF KANNAPOLIS

No. 111PA11

(Filed 9 March 2012)

**Zoning— amendment—statement of reasonableness—failure to approve—amendment invalid**

Where defendant failed to approve a statement of reasonableness as required by N.C.G.S. § 160A-383 when adopting a zoning amendment which rezoned rural land to promote commercial development, the amendment was invalid. The unanimous opinion of the Court of Appeals was reversed.

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous, unpublished decision of the Court of Appeals, —— N.C. App. ——, 709 S.E.2d 601 (2012), affirming an order granting summary judgment for defendant entered on 23 February 2009 by Judge Michael E. Beale in Superior Court, Cabarrus County. Heard in the Supreme Court on 9 January 2012.

---

WALLY v. CITY OF KANNAPOLIS

[365 N.C. 449 (2012)]

*Brough Law Firm, by T.C. Morphis, Jr., for plaintiff-appellants.*

*Hamilton Stephens Steele & Martin, PLLC, by Keith J. Merritt and Rebecca K. Cheney, for defendant-appellee.*

TIMMONS-GOODSON, J.

This case involves a dispute between the City of Kannapolis ("defendant"), which rezoned rural land to promote commercial development, and neighboring land owners ("plaintiffs"). At issue is whether defendant approved a statement of reasonableness as required by N.C.G.S. § 160A-383 when adopting the zoning amendment. We hold defendant did not approve such a statement, and therefore, the amendment is invalid. Accordingly, we reverse the opinion of the Court of Appeals and remand for proceedings not inconsistent with this opinion.

The property at issue in this case consists of 75.9 acres owned by Coddle Creek, LLC and the Wallace Charitable Trust (collectively, "the Owners"). Until 2007 the property was subject to Cabarrus County zoning designations. In September of that year defendant annexed the property at the request of the Owners, thus subjecting it to defendant's Unified Development Ordinance and 2015 Land Use Plan. A month later the Owners submitted a zoning request to the Kannapolis Planning and Zoning Commission ("Zoning Commission") seeking a more permissive zoning classification, Campus Development-Conditional Zoning. This classification would permit the Owners to develop a neighborhood office and a light industrial and retail business park on the property. In November 2007, the Zoning Commission approved the request, and plaintiffs, as neighboring property owners, appealed to the Kannapolis City Council ("City Council").

At a public hearing in December 2007, the City Council received a staff report from the Zoning Commission regarding the proposed zoning amendment. The staff report contained an analysis of the proposed amendment, including the compatibility of the proposed zoning designation with the surrounding area and impacts on safety, traffic, parking, the environment, and public facilities. Ultimately, the city staff concluded that the rezoning request was "consistent with the long range goals of the City, and reasonable in light of existing and approved infrastructure." At the December 2007 meeting defendant approved the zoning request. The following month defendant adopted a resolution to designate the property as Campus Development-Conditional Zoning.

**WALLY v. CITY OF KANNAPOLIS**

[365 N.C. 449 (2012)]

In March 2008 plaintiffs filed an amended complaint in Superior Court, Cabarrus County, alleging, *inter alia*, that defendant failed to "adopt a statement" as required by N.C.G.S. § 160A-383 and that the rezoning constituted illegal spot zoning. Plaintiffs asked the court to declare the zoning amendment void and to rezone the property to its previous classification. Both parties filed motions for summary judgment and stipulated that there was no genuine issue of material fact. On 23 February 2009, the trial court entered an order granting defendant's motion for summary judgment on all claims and dismissing plaintiffs' declaratory judgment action.

Plaintiffs appealed to the Court of Appeals. Regarding the section 160A-383 issue, the panel presumed the zoning amendment valid and held that plaintiffs failed to show the City Council did not "approve a statement." *Wally v. City of Kannapolis*, —— N.C. App. ——, 709 S.E.2d 601, 2011 WL 601167, at *5 (2011) (unpublished). The court also held that section 160A-383 prohibits judicial review of whether the City Council's statement was statutorily sufficient. *Id.* On a separate issue, the Court of Appeals, relying upon *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972), and its progeny, held that the rezoning did not constitute spot zoning because the property had more than one owner at the time of rezoning. *Wally*, 2011 WL 601167, at *6-7. The Court of Appeals also addressed additional issues that are not before this Court. We allowed plaintiffs' subsequent petition for discretionary review of two issues: (1) whether defendant complied with N.C.G.S. § 160A-383 when adopting the zoning amendment, and (2) whether the rezoning of a property with more than one owner can constitute spot zoning.

## Analysis

"We review a trial court's order for summary judgment de novo . . . ." *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (citations omitted). In determining whether defendant complied with N.C.G.S. § 160A-383 when it adopted the subject zoning amendment, we recognize that the amendment is presumed valid "and the burden [is] upon [plaintiffs] to show otherwise." *Raleigh v. Morand*, 247 N.C. 363, 368, 100 S.E.2d 870, 874 (1957) (citations omitted), *appeal dismissed*, 357 U.S. 343, 2 L. Ed. 2d 1367 (1958). We conclude that plaintiffs have met their burden and therefore hold that the zoning amendment is invalid. Because the amendment is void, it is unnecessary for us to address the spot zoning issue.

Zoning ordinances regulate land use, not ownership. *See Blades*, 280 N.C. at 546, 187 S.E.2d at 43 ("The whole concept of zoning implies a restriction upon the owner's right to use a specific tract . . . ."). "The original zoning power of the State reposes in the General Assembly." *Allgood v. Town of Tarboro*, 281 N.C. 430, 437, 189 S.E.2d 255, 260 (1972) (citation omitted). The General Assembly, in turn, may delegate zoning authority to the legislative body of a municipality. *Id.* Because zoning authority derives from the state's police power, zoning ordinances are valid only when they "promote the public health, the public safety, the public morals or the public welfare." *Zopfi v. City of Wilmington*, 273 N.C. 430, 433, 160 S.E.2d 325, 330 (1968). In addition, "[t]he power to zone . . . is subject to the limitations of the enabling act," *Schloss v. Jamison*, 262 N.C. 108, 114, 136 S.E.2d 691, 695 (1964) (citations omitted), and "[z]oning regulations shall be made in accordance with a comprehensive plan," N.C.G.S. § 160A-383 (2011). Exercise of the zoning power also must comport with certain procedural requirements, such as those provided in section 160A-383.

> When adopting or rejecting any zoning amendment, the governing board shall also approve a statement describing whether its action is consistent with an adopted comprehensive plan and any other officially adopted plan that is applicable, and briefly explaining why the board considers the action taken to be reasonable and in the public interest. That statement is not subject to judicial review.

N.C.G.S. § 160A-383.

By its plain language section 160A-383 states that when the governing board adopts a zoning amendment, the board "shall also" approve a statement. *Id.* Thus, the statute requires that defendant take two actions in this situation: first, adopt or reject the zoning amendment, and second, approve a proper statement. *Id.* The approved statement must *describe* whether the action is consistent with any controlling comprehensive plan and *explain* why the action is "reasonable and in the public interest." *Id.* In addition, the statute declares that when such a statement is made, it "is not subject to judicial review."

Defendant asserts that N.C.G.S. § 160A-383 expressly prohibits judicial review of the City Council's statement, and therefore, the trial court did not err by granting summary judgment in its favor. Next, defendant argues that the City Council approved a statement in satis-

faction of section 160A-383 by adopting the zoning amendment with the staff report that was before the City Council. Under this theory, the City Council impliedly approved the staff's statement regarding consistency and reasonableness. Finally, defendant contends that the City Council complied with the statute by adopting the following statement: "[T]he Council's final vote conforms to the guidelines under which they are granted final authority to act upon a rezoning petition." We are not persuaded by these arguments.

As a preliminary matter, we disagree with defendant's argument that the statute bars judicial review of this issue. The statute provides, "That statement is not subject to judicial review," and by "[t]hat statement," the statute refers to an approved statement. While an approved statement is not subject to judicial review, the statute does not prohibit review of *whether* the City Council approved a statement, which is the issue here. Accordingly, we review whether the City Council approved a statement.

Turning to the issue proper, we hold that the City Council did not approve a statement as required by N.C.G.S. § 160A-383. First, while the City Council took the initial step of adopting the zoning amendment, it failed to take the second step and "approve a statement" that addresses consistency, reasonableness, and the public interest. This failure is evidenced by the trial court's uncontested finding of fact that "there was no per se written statement of reasonableness," a fact that is binding on appeal. *Morand*, 247 N.C. at 365, 100 S.E.2d at 872 (stating that where no challenge is made to the findings of fact, those findings are presumed supported by competent evidence and are binding upon appeal).

Second, we are not persuaded by defendant's argument that it complied with the statute by impliedly approving the staff report by virtue of having the report in hand when adopting the zoning amendment. The language of section 160A-383 does not authorize an implied approval. Defendant cites no authority permitting implied approval in this context, and we have found none. Defendant's argument also fails because, while section 160A-383 requires the approved statement to explain why "the board [the City Council] considers the action taken to be reasonable," the staff report merely states that the *staff* considers the action reasonable.

Finally, we do not agree that the City Council satisfied the statute by adopting a statement announcing that it acted within the guidelines of its zoning authority. Compliance with section 160A-383

requires more than a general declaration that the action comports with relevant law. Section 160A-383 explains that to meet the statutory requirements, an approved statement must describe whether the zoning amendment is consistent with any controlling land use plan and explain why it is reasonable and in the public interest. The statement adopted by the City Council provides no such explanation or description. Rather, it consists of a general declaration that in adopting the zoning amendment, the City Council acted within the guidelines of its zoning authority.

### Conclusion

The zoning amendment at issue is invalid because defendant failed to properly approve a statement under N.C.G.S. § 160A-383. Having determined the amendment void, it is unnecessary for us to address the spot zoning issue. Accordingly, we reverse the Court of Appeals and remand this case to the Court of Appeals for further remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.