NO. COA13-1226

NORTH CAROLINA COURT OF APPEALS

Filed:  29 July 2014


BRIAN THOMAS ATKINSON and MYERS
PARK HOMEOWNERS ASSOCIATION, INC.,
a North Carolina Non-Profit
Corporation,
     Plaintiffs

          v.                          Mecklenburg County
                                      No. 12 CVS 21209
CITY OF CHARLOTTE, a North
Carolina Body Politic and
Corporate,
     Defendant

and

QUEENS UNIVERSITY OF CHARLOTTE and
JOHNSON C. SMITH UNIVERSITY, North
Carolina non-profit corporations,
     Defendant-Intervenors


     Appeal by plaintiffs from order entered 26 June 2013 by

Judge Robert T. Sumner in Mecklenburg County Superior Court.

Heard in the Court of Appeals 17 March 2014.


     *Currin & Currin, by Robin T. Currin and George B. Currin,
     for plaintiff-appellants.*

     *Senior Assistant City Attorney Terrie Hagler-Gray, for
     defendant-appellee.*

     *Robinson Bradshaw & Hinson, P.A., by Richard A. Vinroot and
     John H. Carmichael, for defendant-intervenor-appellees.*


     CALABRIA, Judge.

Brian Thomas Atkinson ("Atkinson") and Myers Park Homeowners Association, Inc. ("the Association") (collectively "plaintiffs") appeal from the trial court's order granting summary judgment in favor of the City of Charlotte ("the City") and intervenors Queens University of Charlotte ("Queens") and Johnson C. Smith University ("Smith") (collectively "intervenors"). We reverse and remand.

In late 2009, representatives from Queens and other Charlotte residents initiated an amendment ("the amendment") to the text of the City of Charlotte Zoning Ordinance ("the Zoning Ordinance"). The purpose of the proposed amendment was to exempt certain parking decks from floor area ratio requirements imposed by the Zoning Ordinance.

The City's Planning Commission ("the Planning Commission") reviewed the proposed amendment and Planning Commission staff made a written recommendation to the Charlotte City Council ("the City Council") and to the seven members of the Planning Commission serving on the Department's Zoning Committee {"the Zoning Committee") that the amendment should be adopted. After a public hearing, the Zoning Committee voted unanimously to recommend the amendment's approval to the City Council on 26 May 2010. As part of that recommendation, the Zoning Committee

included a statement which found the proposed amendment was consistent with the City's adopted policies and was reasonable and in the public interest.

On 21 June 2010, the City Council considered the proposed amendment. Mayor Anthony Foxx informed the Council that the Zoning Committee had found the amendment as proposed was consistent with the City's adopted policies, reasonable, and in the public interest ("the Statement of Consistency"). The City Council voted to approve the Statement of Consistency and the amendment unanimously. Under the terms of the newly-passed amendment, parking decks which were constructed as "an accessory use to an institutional use" were now exempt for the floor area ratio standards of the Zoning Ordinance when the decks were located in single family and multifamily zoning districts.

Atkinson is a property owner in the Myers Park residential area, which is located adjacent to Queens. On 10 December 2012, Atkinson and the Association, on behalf of other Myers Park residents, initiated a declaratory judgment action in Mecklenburg County Superior Court seeking to have the amendment invalidated. Plaintiffs alleged that the City Council failed to comply with the requirements of N.C. Gen. Stat. § 160A-383 when it adopted the amendment.

After the City filed its answer to plaintiffs' complaint, Queens and Smith filed a motion to intervene pursuant to N.C. Gen. Stat. § 1A-1, Rule 24 (2013). The trial court granted this motion on 22 March 2013, and intervenors filed their responsive pleading that same day. Subsequently, all parties filed motions for summary judgment. The motions were heard on 24 June 2013. On 26 June 2013, the trial court entered an order granting summary judgment in favor of the City and intervenors. Plaintiffs appeal.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

Plaintiffs argue that the trial court erred by granting summary judgment in favor of the City and intervenors because the undisputed facts establish that the City Council failed to comply with N.C. Gen. Stat. § 160A-383 when it adopted the amendment. Specifically, plaintiffs contend (1) that the "Statement of Consistency" adopted by the City Council did not

meet the requirements of a "statement" pursuant to that statute; and (2) that the Zoning Committee did not include the entire Planning Commission and thus the Zoning Committee's approval of the amendment also did not meet all statutory requirements. We agree with plaintiffs' first contention and find it to be dispositive. Consequently, we do not address plaintiffs' second contention.

> When adopting or rejecting any zoning amendment, the governing board shall also approve a statement describing whether its action is consistent with an adopted comprehensive plan and any other officially adopted plan that is applicable, and briefly explaining why the board considers the action taken to be reasonable and in the public interest. That statement is not subject to judicial review.

N.C. Gen. Stat. § 160A-383 (2013). Thus,

> the statute requires that defendant take two actions in this situation: first, adopt or reject the zoning amendment, and second, approve a proper statement. *Id.* The approved statement must *describe* whether the action is consistent with any controlling comprehensive plan and *explain* why the action is "reasonable and in the public interest."

*Wally v. City of Kannapolis*, 365 N.C. 449, 452, 722 S.E.2d 481, 483 (2012).

In *Wally*, the plaintiffs were property owners who challenged the rezoning of a nearby property because, *inter*

*alia*, the City of Kannapolis had failed to expressly approve the consistency statement required by N.C. Gen. Stat. § 160A-383. *Id*. at 451, 722 S.E.2d at 482. The Court agreed with the plaintiffs' argument and held that the challenged zoning amendment was void for failure to comply with the statute's procedures. *Id*.

In reaching its holding, the *Wally* Court rejected three arguments made by the defendant-city in favor of upholding the amendment. First, the Court rejected the defendant-city's argument that any judicial review regarding a consistency statement was barred by N.C. Gen. Stat. § 160A-383, explaining that "the statute refers to an approved statement. While an approved statement is not subject to judicial review, the statute does not prohibit review of *whether* the City Council approved a statement, which is the issue here." *Id*. at 453, 722 S.E.2d at 483. Next, the Court rejected the defendant-city's argument that it had impliedly approved a consistency statement by virtue of having a staff report which included a consistency statement in its possession at the time the amendment was adopted because "[t]he language of section 160A-383 does not authorize an implied approval." *Id*. Finally, the Court rejected the defendant-city's argument that its adoption of a statement

"announcing that it acted within the guidelines of its zoning authority" satisfied N.C. Gen. Stat. § 160A-383 because "to meet the statutory requirements, an approved statement must describe whether the zoning amendment is consistent with any controlling land use plan and explain why it is reasonable and in the public interest. The statement adopted by the City Council provides no such explanation or description." *Id*. at 453-54, 722 S.E.2d at 484.

In the instant case, it is undisputed that the City Council formally adopted and approved the following statement proposed by the Zoning Commission:

> STATEMENT OF CONSISTENCY This petition is found to be consistent with adopted policies and to be reasonable and in the public interest . . . .

Defendant and intervenors contend that, under *Wally*, since only the issue "of *whether* the City Council approved a [consistency] statement" is subject to judicial review, the trial court properly determined that it could not review this statement for compliance with N.C. Gen. Stat. § 160A-383. *Id*. at 453, 722 S.E.2d at 483. Defendant and intervenors are mistaken.

As the *Wally* Court's discussion of the defendant-city's third argument in that case makes clear, judicial review of compliance with N.C. Gen. Stat. § 160A-383 requires more than a

cursory review of the record for a statement that could plausibly be considered a consistency statement:

> Compliance with section 160A-383 requires more than a general declaration that the action comports with relevant law. Section 160A-383 *explains that to meet the statutory requirements, an approved statement must describe whether the zoning amendment is consistent with any controlling land use plan and explain why it is reasonable and in the public interest. The statement adopted by the City Council provides no such explanation or description.* Rather, it consists of a general declaration that in adopting the zoning amendment, the City Council acted within the guidelines of its zoning authority.

*Id.* at 453-54, 722 S.E.2d at 484 (emphasis added). Therefore, under *Wally*, judicial review of whether a city has adequately adopted a consistency statement as defined by N.C. Gen. Stat. § 160A-383 is limited to a court's determination of whether a city adopted a consistency statement which contains, at a minimum, both a description of whether the zoning amendment is consistent with any controlling land use plan and an explanation as to why the amendment is reasonable and in the public interest. Once it is determined that a proper statement, which includes a description and explanation, has been adopted, the content of the statement "is not subject to judicial review." N.C. Gen. Stat. § 160A-383.

The Statement of Consistency adopted by the City Council in the instant case cannot reasonably be said to include an "explanation" as to why the amendment is reasonable and in the public interest under the plain meaning of that term. Instead, the statement merely tracks the language of N.C. Gen. Stat. § 160A-383. While this statement attempts to more specifically address the requirements of N.C. Gen. Stat. § 160A-383 than the more generalized statement that the Court rejected in *Wally*, it still suffers from the same fatal flaw: "The statement adopted by the City Council provides no . . . explanation," as required by the statute. *Id.* at 454, 722 S.E.2d at 484. As a result, the City did not comply with N.C. Gen. Stat. § 160A-383 when it failed to adopt a proper "statement" as that term is defined by the statute and interpreted by *Wally*, and its purported "Consistency Statement" does not fall within that statute's protections against judicial review. Accordingly, we reverse the trial court's order granting summary judgment in favor of defendant and intervenors and remand for the entry of summary judgment in favor of plaintiffs which declares the amendment to be void.

Reversed and remanded.

Chief Judge MARTIN and Judge McGEE concur.