An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e     P r o c e d u r e .

NO. COA13-1425

NORTH CAROLINA COURT OF APPEALS

Filed: 31 December 2014

FRED WALLY, LAVON BENTON, DON
CROWE, and GEORGE MARTOCCHIO,
          Plaintiffs,

          v.                              Cabarrus County
                                          No. 13 CVS 1562
THE CITY OF KANNAPOLIS, a North
Carolina Municipal Corporation,
          Defendant.


     Appeal by Plaintiffs from order entered 19 September 2013 by Judge W. Robert Bell in Superior Court, Cabarrus County. Heard in the Court of Appeals 23 April 2014.


          *The Brough Law Firm, by T.C. Morphis, Jr., for Plaintiffs-Appellants.*

          *Hamilton Stephens Steele & Martin, PLLC, by Keith J. Merritt, Rebecca K. Cheney, and Melanie D. Johnson Raubach, for Defendant-Appellee.*


     McGEE, Chief Judge.


     Fred Wally, Lavon Benton, Don Crowe, and George Martocchio ("Plaintiffs") appeal from an order dismissing their complaint

for failure to state a claim for relief alleging spot zoning. Plaintiffs argue that the trial court should not have applied the common owner requirement as articulated in *Musi v. Town of Shallotte*, 200 N.C. App. 379, 684 S.E.2d 892 (2009), to justify dismissing their claim. Because *Musi* is controlling and, under *Musi*, Plaintiffs failed to state a claim for spot zoning, we affirm.

<u>Facts</u>

The property that is the subject of this case, the Coddle Creek property, is a 75.9-acre tract of land located in northwestern Cabarrus County at the intersection of Highway 3 and Odell School Road. The Coddle Creek property lies in an area of Cabarrus County known as the Odell Community, the vast majority of which is zoned for Agricultural-Open Space or Countryside Residential uses that prohibit high-traffic commercial activity. The City of Kannapolis ("the City") was given authority by the General Assembly to perform a satellite annexation of the Coddle Creek property in 2007. At that time, the Coddle Creek property was owned by Coddle Creek, LLC and the Wallace Charitable Trust.

On 14 January 2008, the City rezoned the Coddle Creek property to "Campus Development-Conditional Zoning," which allowed retail space and commercial service as permitted uses

and restaurants as a conditional use. *Wally v. City of Kannapolis*, 209 N.C. App. 752, 709 S.E.2d 601, 2011 WL 601167 at *2, 2011 N.C. App. LEXIS 245 at *4 (2011) (unpublished) ("*Wally I*"), *rev'd on other grounds*, 365 N.C. 449, 450, 722 S.E.2d 481 (2012) ("*Wally II*"). Plaintiffs challenged that rezoning. This Court affirmed the trial court's grant of summary judgment on all of Plaintiffs' claims, including their spot zoning claim. *Id.*, 2011 WL 601167 at *8, 2011 N.C. App. LEXIS 245 at *19. However, our Supreme Court reversed, holding that the rezoning was invalid because the City had not adopted a "statement of reasonableness" as required by N.C. Gen. Stat. § 160A-383 (2011). *Wally II*, 365 N.C. at 454, 722 S.E.2d at 484.

The Coddle Creek property is presently comprised of two parcels of land, one parcel owned by Coddle Creek, LLC and the other parcel owned by Highway 3 Associates 1, LLC. In March 2013, the City rezoned the Coddle Creek property for a second time and authorized retail shopping and other uses alleged to be incompatible with the Odell Community. On 23 May 2013, Plaintiffs filed an action in superior court to invalidate the second rezoning on the grounds that it constituted impermissible spot zoning. On 19 September 2013, the trial court entered an order granting Defendant's motion to dismiss pursuant to Rule

12(b)(6) of the Rules of Civil Procedure. Plaintiffs timely appealed to this Court.

## Discussion

"We review *de novo* the grant of a motion to dismiss." *Neier v. State*, 151 N.C. App. 228, 232, 565 S.E.2d 229, 232 (2002).

> "A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to withstand such a motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In general, a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim."

*Id.* (quoting *Harris v. NCNB Nat. Bank of N.C.*, 85 N.C. App. 669, 670-71, 355 S.E.2d 838, 840-41 (1987)).

Plaintiffs' complaint alleged that the rezoning of the Coddle Creek property constituted unlawful spot zoning.

Spot zoning is defined, in pertinent part,

as a zoning ordinance or amendment that "singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to . . . relieve the small tract from restrictions to which the rest of the area is subjected."

*Good Neighbors of S. Davidson v. Town of Denton*, 355 N.C. 254, 257, 559 S.E.2d 768, 771 (2002) (emphasis added) (quoting *Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E.2d 35, 45 (1972)).

As Plaintiffs acknowledge in their complaint, "the Property in this case is owned by two entities and . . . the North Carolina Court of Appeals has held that a rezoned property must be owned by a single owner before a rezoning can be considered spot zoning. *See, Musi v. Town of Shallotte*, 200 N.C. App. 379, 684 S.E.[2d] 892 (2009)." In *Musi*, the plaintiffs tried to bring a spot zoning claim to challenge the rezoning of 15 separate tracts shared by six "different" owners. 200 N.C. App. at 380, 684 S.E.2d at 893-94. In upholding the trial court's grant of summary judgment for defendant, *Musi* pointed to the requirement of a "common owner," explaining:

> "An essential element of spot zoning is a small tract of land owned by a single person and surrounded by a much larger area uniformly zoned." *Covington v. Town of Apex*, 108 N.C. App. 231, 237, 423 S.E.2d 537, 540 (1992). We conclude that the subject property meets neither of these criteria for spot zoning.

> The subject property *does not have a common owner*, but is comprised of fifteen (15) parcels, with six (6) owners. Plaintiffs allege that "a rezoning of property owned by more than one person can still constitute spot zoning." In support of this proposition, Plaintiffs cite three cases. Two of these, *Alderman v. Chatham County*, 89 N.C. App. 610, 366 S.E.2d 885 (1988); and *Lathan v. Bd. of Commissioners*, 47 N.C. App. 357, 267 S.E.2d 30 (1980), involve the rezoning of property *with a common owner*, and thus shed no light on this issue. The third case . . . *Budd v. Davie County*, 116 N.C. App. 168, 447 S.E.2d 449 (1994), . . . [w]e do not find . . . persuasive . . . .

*Id.* at 383, 684 S.E.2d at 895 (emphasis added).

In *Alderman*, this Court upheld a trial court's finding of spot zoning with respect to a county's rezoning of a 14.2-acre tract owned by a husband and wife. 89 N.C. App. at 611, 617, 366 S.E.2d at 886, 890. In *Lathan*, this Court upheld the trial court's grant of plaintiff's summary judgment motion for a spot zoning claim challenging a county's rezoning of an 11.412-acre tract "owned by the Keith Nesbit family." 47 N.C. App. at 357, 267 S.E.2d at 30.

*Budd*, however, invalidated as impermissible spot zoning a county's rezoning of two tracts, a 14-acre tract owned by a mother and a half-mile-long strip of land owned by her son. 116 N.C. App. at 170, 447 S.E.2d at 450. This Court in *Musi*,

declined to extend *Budd* to permit a spot zoning claim in that case, reasoning:

> Firstly, *Budd's* holding is internally inconsistent. After quoting the same definition of spot zoning given [in *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972)], and even noting that an "essential element of spot zoning is a small tract of land owned by a single person", the Court then holds that the rezoning in question, involving property with two different owners, was spot zoning.
>
> Additionally, in *Good Neighbors*, a Supreme Court of North Carolina case decided after *Budd*, the Court reiterates the definition in *Blades* and *Chrismon* [*v. Guilford Cnty.*, 322 N.C. 611, 370 S.E.2d 579 (1988)], *including the requirement that the rezoning be of a parcel with one owner*. To the extent that *Good Neighbors* conflicts with *Budd*, we are bound to follow *Good Neighbors*.

*Musi*, 200 N.C. App. at 383, 684 S.E.2d at 895-96 (emphasis added).

Just as *Musi* was bound to follow *Good Neighbors*, we are bound to follow *Musi*. Plaintiffs acknowledge in their brief that "the common owner rule" as articulated in *Musi* "appear[s] to prohibit . . . the use of the spot zoning label when more than one tract owned by legally distinct owners is involved." Since the complaint in this case challenges as spot zoning the rezoning of two parcels owned by two legally distinct owners,

Plaintiffs have failed, under *Musi*, to state a claim for spot zoning.

While Plaintiffs make various arguments that *Musi* is too vague to be practically applied, is inconsistent with the purpose of the spot zoning doctrine, and produces inequitable and absurd results, those arguments must be presented to the Supreme Court. We are not free to disregard *Musi*. It is well established that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Because *Musi*'s "common owner" requirement precludes any spot zoning claim by Plaintiffs in this action, we affirm the trial court's grant of Defendant's motion to dismiss.

Affirmed.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).