TYSON, Judge.
 

 Maxton McDowell and Wanda McDowell ("Plaintiffs") appeal the trial court's entry of summary judgment in favor of Randolph County ("Defendant-County") and the Randolph County Board of County Commissioners ("Defendant-Board") (collectively, "Defendants"). This case involves the question of whether Randolph County properly "re-zoned" certain real property bordering Plaintiffs' property. We affirm the superior court's order.
 

 I.
 
 Background
 

 The record tends to show the following: Plaintiffs own and reside on certain real property located at 5354 Old N.C. Highway 49 in Randolph County. Maxton McDowell also owns a parcel of land on the south side of Old N.C. Highway 49 adjacent to certain
 
 *515
 
 real property owned by the McDowell Family Limited Partnership ("MFLP"). A portion of MFLP's property (the "Subject Property") is used by the McDowell Lumber Company (the "Lumber Company") as a saw mill, planing operation, and pallet-making operation.
 

 Since about 1987, Defendant-County has maintained a zoning ordinance, referred to as the Unified Development Ordinance ("UDO") which governs and regulates the uses of land in the county. Defendant-County also maintains a land use plan called the "Randolph County Growth Management Plan" (the "Plan").
 

 In 2009, Randolph County amended the Plan to include the Rural Industrial Overlay District zoning classification. The Rural Industrial Overlay District "is intended to accommodate industrial activities and uses requiring proximity to rural resources where the use of site specific development plans, natural buffers and landscaping, would lessen adverse impact upon the general growth characteristics anticipated by the Growth Management Plan." Randolph County, Uniform Development Ordinance Art. VII, § I (Apr. 6, 2009).
 

 Also included in the Plan is the Rural Industrial Overlay Conditional District zoning classification. The Rural Industrial Overlay Conditional District is "identical to the Rural Industrial Overlay District except site plans and individualized development conditions are imposed only upon petition of all owners of the land."
 
 Id.
 

 The Subject Property was rezoned by Defendant-Board to the Rural Industrial Overlay Conditional District classification ("CZ-RIO") in 2010 at the request of MFLP. The representative for the Lumber Company submitted a site plan for the Subject Property with the 2010 rezoning request. Defendant-Board approved the 2010 rezoning request with the condition that the Lumber Company conform its use of the property to the specifications set out in the site plan.
 

 In April 2016, the Lumber Company filed and requested a rezoning application to modify its site plan, by relocating a chemical vat. On 6 June 2016, Defendant-Board approved the Lumber Company's rezoning request. Defendant-Board made no change in the Subject Property's, nor any other adjoining property's, zoning classification, but approved only a modification to the Subject Property's site plan. The modification to the site plan permits the Lumber Company to relocate an existing chemical-containing vat to a different location within the Subject Property and to build a concrete pad and structure to partially enclose it.
 

 Plaintiffs brought suit against Defendants on 3 August 2016. Plaintiffs alleged that the rezoning was null and void because (1) Defendant-Board's decision was arbitrary and capricious, (2) Defendants had failed to adopt a proper consistency statement, and (3) Defendants engaged in illegal spot zoning.
 

 Defendants moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure on the grounds that the Board retained the statutory authority to "change the zoning and zoning conditions of all properties within the county, and the rezoning decision complied with all statutorily required procedures and was not illegal spot zoning."
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 56 (2015). Plaintiffs filed a cross-motion for summary judgment pursuant to Rule 56.
 
 Id.
 

 On 26 January 2017, the trial court granted Defendants' motion for summary judgment and denied Plaintiffs' motion for summary judgment. Plaintiffs timely appealed the superior court's judgment.
 

 II.
 
 Jurisdiction
 

 Jurisdiction lies in this Court pursuant to
 
 N.C. Gen. Stat. §§ 1-277
 
 (a) and 7A-27(b) (2015) as an appeal from a superior court's order in a civil action disposing of all the parties' issues.
 

 III.
 
 Standard of Review
 

 Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). The moving party bears the burden of demonstrating the lack of triable issues of fact.
 
 Koontz v. City of Winston-Salem,
 

 280 N.C. 513
 
 , 518,
 
 186 S.E.2d 897
 
 , 901 (1972). On
 
 *516
 
 appeal from summary judgment, "[w]e review the record in the light most favorable to the non-moving party."
 
 Bradley v. Hidden Valley Transp., Inc.,
 

 148 N.C. App. 163
 
 , 165,
 
 557 S.E.2d 610
 
 , 612 (2001) (citing
 
 Caldwell v. Deese,
 

 288 N.C. 375
 
 , 378,
 
 218 S.E.2d 379
 
 , 381 (1975) ),
 
 aff'd,
 

 355 N.C. 485
 
 ,
 
 562 S.E.2d 422
 
 (2002). "We review a trial court's order granting summary judgment
 
 de novo[.]"
 

 Adkins v. Stanly Cty. Bd. of Educ.,
 

 203 N.C. App. 642
 
 , 644,
 
 692 S.E.2d 470
 
 , 472 (2010).
 

 IV.
 
 Analysis
 

 Plaintiffs renew their arguments made before the superior court in opposition to Defendants' motion for summary judgment and in support of their own motion for summary judgment. Plaintiffs assert Defendants' rezoning amendment is null and void because: (1) Defendant-Board's decision was arbitrary and capricious, (2) Defendants failed to adopt a proper consistency statement, and (3) Defendants engaged in illegal spot zoning. We address each argument in turn.
 

 A.
 
 Arbitrary and Capricious
 

 Plaintiffs argue Defendant-Board acted arbitrarily and capriciously when it rezoned the property to approve the modified site plan. We disagree.
 

 The Constitution imposes limits on the legislative power to zone by forbidding arbitrary, capricious, and unduly discriminatory interference with the rights of property owners. This standard is a very difficult standard to meet. A decision is arbitrary and capricious if it was patently in bad faith, whimsical, or if it lacked fair and careful consideration. In deciding whether a decision is arbitrary and capricious, courts must apply the whole record test.
 

 Summers v. City of Charlotte
 
 ,
 
 149 N.C. App. 509
 
 , 518,
 
 562 S.E.2d 18
 
 , 25 (2002) (internal quotations and citations omitted).
 

 Under
 
 de novo
 
 review, on questions of law "[a] reviewing court is not free to substitute [its] opinion for that of the legislative body so long as there is some plausible basis for the conclusion reached by that body."
 
 Ashby v. Town of Cary
 
 ,
 
 161 N.C. App. 499
 
 , 503,
 
 588 S.E.2d 572
 
 , 574 (2003) (internal quotations and citation omitted). A rezoning decision can only be deemed improper if "the record demonstrates that it had no foundation in reason and bears no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense."
 

 Id
 

 .
 
 (quotation marks and citation omitted).
 

 Under the deferential review of the Board's factual findings, "[t]he whole record test requires the reviewing court to examine all the competent evidence ... which comprises the whole record to determine if there is substantial evidence in the record to support the [Board's] findings and conclusions."
 
 Northwest Prop. Grp., LLC v. Town of Carrboro
 
 ,
 
 201 N.C. App. 449
 
 , 456,
 
 687 S.E.2d 1
 
 , 6 (2009) (internal quotations and citations omitted). "The 'whole record' test does not allow the reviewing court to replace the [Board's] judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it
 
 de novo
 
 ."
 

 Id
 

 .
 
 (quoting
 
 Thompson v. Board of Education
 
 ,
 
 292 N.C. 406
 
 , 410,
 
 233 S.E.2d 538
 
 , 541 (1977) ).
 

 Defendant-Board reached its decision to rezone the Subject Property by granting the Lumber Company's modified site plan. The modified site plan specifies moving the existing chemical-containing vat at issue onto a concrete pad to divert storm water runoff to an on-site retention pond, adding a cover over the vat, and the addition of walls to block the view of the vat.
 

 The minutes of the 6 June 2016 hearing of Defendant-Board on the decision to review the Lumber Company's petition show Defendant-Board received testimony from the Lumber Company's representative. The Lumber Company representative asserted the relocation of the vat as shown on the proposed site plan would reduce the dust, noise, and emissions on and from the Subject Property, and cut the driving time of the Lumber Company's vehicles in half.
 

 Defendant-Board found the rezoning amendment to be in furtherance of the 2009 Randolph County Growth Management Policy by furthering the goal of "[e]nsur [ing] the opportunity for landowners to achieve the
 
 *517
 
 highest and best uses of their land that are consistent with growth management policies in order to protect the economic viability of the County's citizens and tax bases."
 

 Defendant-Board had several plausible bases to justify its decision to rezone the Subject Property by granting the Lumber Company's modification to the site plan. No genuine issue of material fact exists to show Defendants' conduct was whimsical or exercised patently in bad faith. The proposed relocation of the chemical vat arguably will make the Subject Property safer, reduce emissions and lower the probability of runoff or spills onto adjoining properties. Plaintiffs' arguments are overruled.
 

 B.
 
 Statement of Consistency
 

 Plaintiffs argue Defendant-Board did not adopt a valid statement of consistency contemporaneously with, or prior to, approving the rezoning of the Subject Property. We disagree.
 

 N.C. Gen. Stat. § 153A-341 (2015) requires:
 

 Zoning regulations shall be made in accordance with a comprehensive plan. Prior to adopting or rejecting any zoning amendment, the governing board shall adopt a statement describing whether its action is consistent with an adopted comprehensive plan and explaining why the board considers the action taken to be reasonable and in the public interest. That statement is not subject to judicial review.
 

 Our Supreme Court in
 
 Wally v. City of Kannapolis
 
 ,
 
 365 N.C. 449
 
 , 453-54,
 
 722 S.E.2d 481
 
 , 484 (2012), held a zoning amendment to be void, where the city council had failed to approve a statement of reasonableness when adopting the amendment. The Supreme Court in
 
 Wally
 
 stated:
 

 The statute requires that defendant take two actions in this situation: first, adopt or reject the zoning amendment, and second, approve a proper statement. The approved statement must
 
 describe
 
 whether the action is consistent with any controlling comprehensive plan and
 
 explain
 
 why the action is "reasonable and in the public interest."
 

 Id.
 
 at 452,
 
 722 S.E.2d at 483
 
 (emphasis in original) (citations omitted).
 

 This Court, in
 
 Morgan v. Nash Cty.,
 

 224 N.C. App. 60
 
 , 69,
 
 735 S.E.2d 615
 
 , 622 (2012), held "the statute at issue in
 
 Wally
 
 , N.C. Gen. Stat. § 160A-383, is substantially similar to N.C. Gen. Stat. § 153A-341, but section 160A-383 applies to zoning amendments adopted by cities and towns rather than by counties."
 

 This Court, in
 
 Atkinson v. City of Charlotte
 
 ,
 
 235 N.C. App. 1
 
 , 4,
 
 760 S.E.2d 395
 
 , 397 (2014) held the following statement of consistency not to be in compliance with N.C. Gen. Stat. § 160A-383 : "STATEMENT OF CONSISTENCY This petition is found to be consistent with adopted policies and to be reasonable and in the public interest ...." The Court concluded the statement merely contained summary language that tracked the statute, and did not actually contain both a description of whether the zoning amendment is consistent with any controlling land use plan and an explanation as to why the amendment is reasonable and in the public interest.
 

 Id.
 

 Although N.C. Gen. Stat. § 160A-383 [applicable to cities] and N.C. Gen. Stat. § 153A-341 [applicable to counties] both plainly state that a statement of consistency "is not subject to judicial review," the Court in
 
 Atkinson
 
 , following
 
 Wally,
 
 held that while the content of a statement of consistency is not subject to judicial review, whether the statement includes the required description and explanation
 
 is
 
 subject to judicial review.
 
 Id.
 
 at 5,
 
 760 S.E.2d at 398
 
 . The Court reversed the trial court's order granting summary judgment in favor of the defendants and remanded for the entry of summary judgment in favor of the plaintiffs on the basis the amendment was void for lack of a valid consistency statement.
 
 Id.
 
 at 6,
 
 760 S.E.2d at 398
 
 .
 

 Here, the minutes of the Board hearing, during which the Board voted to approve the zoning amendment at issue, contains the following statement of consistency:
 

 On motion of Kemp, seconded by Lanier, the Board voted 3-2, with Commissioners Frye and Allen opposing, to approve the request of McDowell Family Limited Partnership,
 
 *518
 
 as determined consistent with the standards and policies contained within the Growth Management Plan; and
 
 having further found from information and testimony provided at public hearing
 
 , that the following Growth Management policies support the Determination of Consistency and
 
 find the decision reasonable and in the public interest.
 

 Policy 3.9[:]
 
 Individual rezoning decisions within Rural Growth Areas will depend upon the scale of the development, and the specific nature of the site and its location.
 

 Resolution Adopting the 2009 Randolph County Growth
 

 Management Plan, Policy #2
 
 [:] Recognize that growth management policies should afford flexibility to County boards and agencies that will enable them to adapt to the practical requirements often necessary for rural development.
 

 Resolution Adopting the 2009 Randolph County Growth Management Policy #3 [:]
 
 Ensure the opportunity for landowners to achieve the highest and best uses of their land that are consistent with growth management policies in order to protect the economic viability of the County's citizens and tax bases. [Emphasis supplied.]
 

 Plaintiffs argue the Board's statement of consistency fails to comply with N.C. Gen. Stat. § 153A-341, because it does not include an explanation to show the amendment is reasonable and in the public interest. We disagree.
 

 Defendant-Board's statement of consistency shows Defendant-Board, based upon the "information and testimony produced at public hearing" found the rezoning to be consistent with the Growth Management Plan, and to be reasonable and in the public interest because it was consistent with the three listed plan policies. Unlike the city council in
 
 Wally
 
 , Defendant-Board clearly found and adopted a sufficient statement of consistency. Unlike the statement of consistency at issue in
 
 Atkinson
 
 , Defendant-Board found and adopted a statement which goes beyond merely reciting the language of N.C. Gen. Stat. § 153A-341. Defendant-Board's statement of consistency lists the bases of its finding and "describe[s] whether the action is consistent with any controlling comprehensive plan and explain[s] why the action is 'reasonable and in the public interest.' "
 
 Wally
 
 ,
 
 365 N.C. at 452
 
 ,
 
 722 S.E.2d at 483
 
 (emphasis omitted). Plaintiffs' argument is overruled.
 

 C.
 
 "Spot Zoning"
 

 Plaintiffs argue Defendants engaged in illegal spot zoning by rezoning the Subject Property to accepting the modified site plan. We disagree.
 

 Our Supreme Court has defined "spot zoning" to be:
 

 A zoning ordinance, or amendment, which singles out and
 
 reclassifies
 
 a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected[.]
 

 Blades v. City of Raleigh
 
 ,
 
 280 N.C. 531
 
 , 549,
 
 187 S.E.2d 35
 
 , 45 (1972) (emphasis supplied). North Carolina appellate courts have repeatedly followed this definition of spot zoning.
 
 See
 

 Musi v. Town of Shallotte,
 

 200 N.C. App. 379
 
 , 382,
 
 684 S.E.2d 892
 
 , 895 (2009) (applying the
 
 Blades
 
 definition of spot zoning),
 
 Friends of Mt. Vernon Springs, Inc. v. Town of Siler City,
 

 190 N.C. App. 633
 
 , 638,
 
 660 S.E.2d 657
 
 , 661 (2008) (applying the
 
 Blades
 
 definition of spot zoning),
 
 Childress v. Yadkin Cty.
 
 ,
 
 186 N.C. App. 30
 
 , 34,
 
 650 S.E.2d 55
 
 , 59 (2007) (applying the
 
 Blades
 
 definition of spot zoning). "Spot zoning is not invalid
 
 per se
 
 in North Carolina so long as the zoning authority made a clear showing of a reasonable basis for such distinction."
 
 Childress
 
 ,
 
 186 N.C. App. at 35
 
 ,
 
 650 S.E.2d at 59
 
 (citation and internal quotation marks omitted).
 

 No genuine issue of material fact exists of Defendant-Board's approval of the modified site plan of the Subject Property in 2016. Defendants rezoned the Subject Property to Rural Industrial Overlay Conditional District zoning classification in 2010. In the 2016 rezoning action Plaintiffs challenge here, Defendant-Board did not change the classification of the subject property from Rural Industrial Overlay Conditional District
 
 *519
 
 to another zoning district, or reclassify any other tract of property to this zoning district.
 

 Defendant-Board merely approved the relocation of the existing chemical vat to another location on the Subject Property, by approving the modification to the Subject Property's site plan.
 

 Within two months an action contesting the validity of any ordinance adopting or amending a zoning map or approving a special use, conditional use, or conditional zoning district rezoning request under Part 3 of Article 18 of Chapter 153A of the General Statutes or Part 3 of Article 19 of Chapter 160A of the General Statutes or other applicable law. Such an action accrues upon adoption of such ordinance or amendment.
 

 N.C. Gen. Stat. § 1-54.1
 
 (2015). Under
 
 N.C. Gen. Stat. § 1-54.1
 
 , 2010 would have been the appropriate time to have brought a spot zoning challenge to Defendants' classifying the subject property as Rural Industrial Overlay Conditional District. Plaintiffs cannot challenge this classification now, which is not a reclassification of zoning, but is merely a review and approval of the modification to the previously approved site plan.
 

 No genuine issue of material fact exists to show Defendants' 2016 rezoning action constitutes illegal spot zoning. Plaintiffs' argument is overruled.
 

 V.
 
 Conclusion
 

 The superior court's judgment granting Defendants' motion for summary judgment, and denying Plaintiffs' motion for summary judgment, is affirmed.
 
 It is so ordered.
 

 AFFIRMED.
 

 Judges STROUD and HUNTER concur.